UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| **KAYLEE DUNHAM**, Individually and on behalf of all others similarly situated,<br><br>**Plaintiff**<br><br>vs.<br><br>**U.S. BANK NATIONAL ASSOCIATION**<br><br>**Defendant.** | **Civil Action No**. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**FLSA COLLECTIVE ACTION UNDER 29 U.S.C. § 216(B)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

**ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff Kaylee Dunham brings this action individually and on behalf of all current and former hourly call-center employees ("Plaintiff and the Putative Class Members")—who worked for Defendant U.S. Bank National Association ("US Bank"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and Ohio's Minimum Fair Wage Standards Act ("the Ohio Wage Act"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("the OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will collectively be referred to as "the Ohio Acts").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Ohio state law claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**I.**

**OVERVIEW**

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a class action pursuant to the laws of Ohio, and FED. R. CIV. P. 23, to recover unpaid straight-time wages and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for US Bank as hourly call-center employees[1] at any time from May 25, 2018 through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of federal law.

3. Specifically, US Bank enforced a uniform company-wide policy applicable to hourly call-center employees of US Bank wherein it improperly required their hourly call-center employees—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4. US Bank's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. US Bank knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

---

[1] The term hourly call-center employee means any hourly employee, who worked either in a call center or who worked from home, and whose primary job duty at US Bank was to handle inbound and outbound customer phone calls.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Ohio state law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight-time and other damages owed under the Ohio Acts as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Dunham designated herein be named as the Class Representative for the Ohio Class.

## II.
## THE PARTIES

11. Plaintiff Kaylee Dunham ("Dunham") was employed by US Bank in Ohio during the relevant time period. Plaintiff Dunham did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2] Her notice of consent to join this lawsuit is attached as **Exhibit A**.

12. The FLSA Collective Members are those current and former hourly call-center employees who were employed by US Bank at any time from May 24, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

13. The Ohio Class Members are those current and former hourly call-center employees who were employed by US Bank in Ohio, at any time from May 24, 2019 through the final disposition

---

[2] The written consent of Kaylee Dunham is attached hereto as Exhibit "A."

of this matter, and have been subjected to the same illegal pay system under which Plaintiff Dunham worked and was paid.

14. Defendant U.S. Bank National Association is a Foreign For-Profit Corporation organized under the laws of the State of Delaware. US Bank may be served through its registered agent for service of process: **CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.**

### III.
### JURISDICTION & VENUE

15. This Court has federal-question, subject-matter jurisdiction under 28 U.S.C. § 1331 over the claims of Plaintiff and the Putative Class Members because they are brought under the FLSA, 29 U.S.C. §§ 201-19.

16. This Court has specific personal jurisdiction over US Bank with respect to the Plaintiff and the Putative Class Members' claims because Plaintiff's cause of action arose within this District as a result of US Bank's conduct within this District and Division.

17. Venue is proper in the Southern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred.

18. Specifically, US Bank has maintained a working presence throughout the United States, and Plaintiff Dunham worked in Cincinnati, Ohio throughout her employment with US Bank, all of which is located within this District and Division.

19. Venue is, therefore, proper in this Court pursuant to 28 U.S.C. § 1391.

### IV.
### ADDITIONAL FACTS

20. US Bank, is the fifth largest bank in the United States and provides its services throughout the country.[3]

21. Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by US Bank's customers, answering customer inquiries, troubleshooting issues on behalf of customers, and generally assisting customers.

22. Plaintiff Dunham was employed by US Bank in its call center located in Cincinnati, Ohio from approximately January 2017 until October 2020.

23. Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

24. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

25. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to three (3) hours "off-the-clock" per week and have not been compensated for that time.

### Unpaid Start-Up Time

26. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for US Bank as a result of US Bank's uniform corporate policy and practice of requiring its hourly call-center employees to clock-in only when ready to take their first call.

27. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, read company emails, open multiple different US Bank computer programs, log in to each program, and ensure that each program is running correctly—all of which can take up to twenty minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

---

[3] https://www.usbank.com/about-us-bank.html.

28. If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be subject to discipline.

29. If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

30. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

### Unpaid Work During Meal Period Breaks

31. During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

32. US Bank provide their employees, such as Plaintiff and the Putative Class Members, with one unpaid lunch break per shift.

33. However, US Bank requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid lunch break.

34. Plaintiff and the Putative Class were required to stay on the clock and on call until the minute their lunch break began, then they must clock out, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for lunch.

35. Plaintiff and the Putative Class Members were required to log back into their computer, log back into the phone system, then clock in, and be back on the phone before their lunch break ends.

36. The log off process used prior to going to lunch can take 1-3 minutes.

37. The log in process used after returning from lunch can take 1-3 minutes.

38. This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' lunch break as, per US Bank policy.

**Unpaid Technical Downtime**

39. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

40. Plaintiff and the Putative Class Members were also not compensated for the time they worked for US Bank rebooting their computers after they crashed.

**Unpaid Rest Breaks Lasting Twenty Minutes or Less**

41. In addition, US Bank also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees—Plaintiff and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

42. US Bank permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

43. As a result of US Bank's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch break, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not compensated for all compensable hours worked, including all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA.

44. US Bank has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

45. US Bank is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

46. Because US Bank did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, their pay policies and practices violate the FLSA.

## V.
## CAUSE OF ACTION

**A.  FLSA COVERAGE**

47. Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

48. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY U.S BANK NATIONAL ASSOCIATION, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MAY 25, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

49. At all times hereinafter mentioned, US Bank has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

50. At all times hereinafter mentioned, US Bank has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

51. At all times hereinafter mentioned, US Bank have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise

has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

52. During the respective periods of Plaintiff and the FLSA Collective Members' employment by US Bank, these individuals have provided services for US Bank that involved interstate commerce for purposes of the FLSA.

53. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

54. Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly call-center employees of US Bank who assisted its customers who live throughout the United States. 29 U.S.C. § 203(j).

55. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

56. The proposed class of similarly situated employees, *i.e.* putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 48.

57. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of US Bank.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

58. US Bank has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in

excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

59. Moreover, US Bank knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

60. US Bank is a sophisticated party and employer, and, therefore, knew (or should have known) its pay policies were in violation of the FLSA.

61. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted US Bank to pay them according to the law.

62. The decisions and practices by US Bank to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

63. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorney fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

64. All previous paragraphs are incorporated as though fully set forth herein.

65. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of US Bank's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been properly paid.

66. Other similarly situated employees of US Bank have been victimized by US Bank's patterns, practices, and policies, which are in willful violation of the FLSA.

67. The FLSA Collective Members are defined in Paragraph 48.

68. US Bank's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of US Bank, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

69. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

70. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

71. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

72. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

73. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and US Bank will retain the proceeds of their rampant violations.

74. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

75. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 48 and notice should be promptly sent.

**COUNT TWO**
**(Class Action Alleging Violations of the Ohio Acts)**

**A.     OHIO ACTS COVERAGE**

76. Paragraphs 1-75 are incorporated as though fully set forth herein.

77. The Ohio Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY U.S BANK NATIONAL ASSOCIATION, IN THE STATE OF OHIO AT ANY TIME FROM MAY 24, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

78. At all times hereinafter mentioned, US Bank has been an employer within the meaning of the Ohio Wage Act, O.R.C. § 4111.03(D)(2) and the OPPA, O.R.C. § 4113.15(A).

79. At all times hereinafter mentioned, Plaintiff and the Ohio Class members have been employees within the meaning of the Ohio Wage Act, O.R.C. § 4111.03(D)(3) and the OPPA, O.R.C. § 4113.15 (A).

80. Plaintiff and the Ohio Class Members were or have been employed by US Bank since May 25, 2019 and have been covered employees entitled to the protections of the Ohio Acts and were not exempt from the protections of the Ohio Acts.

81. The employer, US Bank, is not exempt from paying overtime benefits under the Ohio Acts.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE OHIO ACTS**

82. All previous paragraphs are incorporated as though fully set forth herein.

83. The Ohio Acts require that US Bank pay Plaintiff and the Ohio Class Members all wages, including straight time, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month.

84. Plaintiff and the Ohio Class Members were or have been employed by US Bank since May 24, 2018 and have been covered employees entitled to the protections of the Ohio Acts.

85. US Bank is an employer covered by the requirements set forth in the Ohio Acts.

86. Plaintiff and the Ohio Class Members worked straight time hours in workweeks during times relevant to this case, however, US Bank violated the Ohio Acts by failing to pay Plaintiff and the Ohio Class Members for all hours worked.

87. Plaintiff and the Ohio Class Members were not paid all wages, including straight time wages within thirty (30) days of performing the work.

88. The wages of Plaintiff and the Ohio Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

89. Plaintiff and the Ohio Class Members have suffered damages and continue to suffer damages as a result of US Bank's acts or omissions as described herein; though US Bank is in possession and control of necessary documents and information from which Plaintiff Dunham would be able to precisely calculate damages.

90. In violating the Ohio Acts, US Bank acted willfully, without a good faith basis, and with reckless disregard of Ohio Wage Act and the OPPA.

91. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Ohio Acts, is defined in Paragraph 77.

92. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of US Bank.

**C.    OHIO ACTS CLASS ALLEGATIONS**

93. All previous paragraphs are incorporated as though fully set forth herein.

94. Plaintiff Dunham brings her Ohio Acts claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by US Bank who worked in Ohio at any time since May 24, 2018.

95. Class action treatment of Plaintiff Dunham's Ohio Acts claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

96. The number of Ohio Class Members is so numerous that joinder of all class members is impracticable.

97. Plaintiff Dunham is a members of the Ohio Class, her claims are typical of the claims of other Ohio Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Ohio Class Members.

98. Plaintiff Dunham and her counsel will fairly and adequately represent the Ohio Class Members and their interests.

99. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

100. Accordingly, the Ohio Class should be certified as defined in Paragraph 77.

## VI.
## RELIEF SOUGHT

101. Plaintiff respectfully prays for judgment against US Bank as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 48 and requiring US Bank to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding US Bank liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

  d. For an Order certifying the Ohio Class as defined in Paragraph 77 and designating Plaintiff Dunham as the Class Representative of the Ohio Class.

  e. For an Order pursuant to the Ohio Act awarding the Ohio Class Members all damages allowed by law;

  f. For an Order awarding the costs and expenses of this action;

  g. For an Order awarding attorneys' fees;

  h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  i. For an Order awarding Plaintiff a service award as permitted by law;

  j. For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense; and

  k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: May 25, 2021   Respectfully submitted,

         By: /s/ *Robert E. DeRose*
           **Robert E. DeRose** (OH Bar No. 005214)
           bderose@barkanmeizlish.com
           **BARKAN MEIZLISH DEROSE**
           **WENTZ MCINERNEY PEIFER, LLP**
           4200 Regent Street, Suite 210
           Columbus, Ohio 43219
           Telephone: (614) 221-4221
           Facsimile: (614) 744-2300

           ***Local Counsel***

         By: /s/ *Clif Alexander*
           **Clif Alexander** (application *pro hac vice* forthcoming)
           Texas Bar No. 24064805
           clif@a2xlaw.com
           **Austin W. Anderson** (application *pro hac vice* forthcoming)
           Texas Bar No. 24045189

austin@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and Putative Class Members***